# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2101

_____

United States of America,

        Plaintiff - Appellee,

      v.

Jerry Steven Wuotila,

        Defendant - Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the District
\* of Minnesota.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: November 10, 2008
Filed: March 25, 2009

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Defendant Jerry Steven Wuotila pleaded guilty to five counts of manufacturing counterfeit United States currency in violation of 18 U.S.C. § 471. At sentencing, the only contested issue was whether the district court[1] should apply a two-level enhancement to Wuotila's offense level for reckless endangerment during flight. U.S. Sentencing Guidelines Manual § 3C1.2 (2007). The government presented the testimony of an officer involved in the pursuit and arrest of Wuotila. Wuotila presented the testimony of a passenger in his vehicle. The district court credited the

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

officer's testimony, found the enhancement applicable, and imposed a sentence within the resulting, advisory Guidelines range.

Wuotila challenges his sentence, arguing that the district court's finding of reckless endangerment was clearly erroneous. This argument is wholly without merit. The officer who testified described Wuotila as having been the driver of a vehicle that fled from the scene of a suspected drug sale when plain-clothes surveillance officers announced their presence and approached the vehicle. The officer who testified also stated that Wuotila accelerated toward a police vehicle that was stopped conspicuously in the defendant's lane of traffic and narrowly missed hitting the police vehicle by swerving around it at the last minute. Wuotila's passenger, who testified at the sentencing hearing, gave a different and more innocuous account of the encounter between the vehicles.

The sentencing court was free to accept the testimony of the government's witness over that of Wuotila's witness. United States v. Cantrell, 530 F.3d 684, 692 (8th Cir. 2008) ("A district court's determination as to the credibility of a witness is virtually unreviewable on appeal." (quotation omitted)). Based on the court's credibility assessment and factual finding, it was proper to apply the enhancement. The resulting sentence was reasonable, and we affirm the judgment of the district court.

_____